OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
When the Onondaga County Legislature appointed respondent Del Conte to his position on the Board of Directors of the Central New York Regional Market Authority in 1987, he was a "farmer-producer” within the meaning of Public Authorities Law § 827. However, he subsequently retired and was no longer classifiable as a farmer-producer in 1994, when the county legislature appointed respondent Russo, another nonproducer, to the Board.
Petitioner, allegedly a full-time farmer who regularly sells produce at the Central New York Regional Market, brought the present CPLR article 78 proceeding seeking, among other things, a declaration that either Del Conte’s or Russo’s seat was now vacant. The petition was based on the language of Public Authorities Law § 827, which authorizes Onondaga County to appoint three members of the Market’s Board. Under the statute, one of the appointees "may be either a producer or a non-producer of agricultural products” and the other two must be persons engaged in farming who derive "a greater part of their income therefrom” and who "actually sell all or part of their produce on the * * * Market.” Petitioner argued that the terms of the statute were violated because two of Onondaga County’s three appointed Board members are now non-producers. In petitioner’s view, either Del Conte or Russo must be removed from the Board and replaced with an active farmer-producer so that the statutorily mandated Board composition can be maintained.
We agree with the courts below that the provisions of Public Authorities Law § 827 have not been violated. That statute required only that respondent Del Conte be a farmer-producer at the time of his appointment. Thereafter, he was to "continue as a member during the pleasure of the body appointing him” (id.). While the Onondaga County Legislature had the option to replace Del Conte at any point, nothing in the statute required *903 that his appointment be terminated upon a change in his status as a farmer-producer.
Nor was there anything in the statute that required the Onondaga County Legislature to appoint a farmer-producer to a seat on the Board in 1994 as a means of balancing the Board’s composition. To the contrary, Public Authorities Law § 827 provides that when a vacancy occurs, "it shall be filled in a manner corresponding to the original appointment.” The seat that was filled in 1994 had originally been occupied by an appointed nonproducer. The Onondaga County Legislature was therefore entitled to appoint a nonproducer when the seat became vacant, and the appointment of respondent Russo, a nonproducer, was entirely proper.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed, with costs, in a memorandum.